UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE, PLLC,

                    Plaintiff,

v.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a foreign
corporation,

                    Defendant.

_____/

CASE NO. 14-CV-14729

HONORABLE GEORGE CARAM STEEH

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND (DOC. #9)

Plaintiff Spine, PLLC, a Michigan professional limited liability company, seeks to remand this first-party, healthcare provider no-fault action to the Wayne County Circuit Court on the grounds that the court lacks diversity jurisdiction under 28 U.S.C. § 1332(c)(1), the direct action provision. For the reasons explained below, plaintiff's motion will be denied.

I. BACKGROUND

Otis McCary, a Michigan resident, suffered injuries after his involvement in a motor vehicle accident on April 29, 2012. McCary was insured through Defendant Nationwide Mutual Fire Insurance Company, an Ohio company. Compl. at ¶ 6.

From June through October 2014, McCary treated for spinal injuries with plaintiff. *Id.* at ¶ 5. Plaintiff rendered spinal services to McCary valued at $90,754.00. *Id.* at ¶ 8.

-1-

Plaintiff filed this healthcare provider action against defendant in Wayne County Circuit Court seeking personal injury protection ("PIP") benefits for services it rendered to McCary. Plaintiff claims that McCary provided reasonable proof of his injuries, but defendant unreasonably refused to pay medical benefits, in violation of Mich. Comp. Laws §§ 500.3142 and 500.3148. Defendant removed the action to this court. Plaintiff seeks to remand to the Wayne County Circuit Court arguing that the court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(c)(1).

## II. STANDARD OF REVIEW

To determine whether an action is properly removed, the court looks to the complaint at the time of removal. *Ahearn v. Charter Twp. of West Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). "Removing defendants bear the burden of establishing federal subject-matter jurisdiction." *Id.* (citations omitted). For proper removal based on diversity of citizenship, the action must be between citizens of different states, and the amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. § 1332.

## III. LAW AND ANALYSIS

In seeking remand to the Wayne County Circuit Court, plaintiff does not challenge that this dispute involves in excess of "the sum or value of $75,000." Plaintiff argues that, under the direct action provision [28 U.S.C. § 1332(c)(1)], the case must be remanded because there is no diversity of citizenship.

28 U.S.C. § 1332(c)(1) states,

a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or

unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–

**(A)** every State and foreign state of which the insured is a citizen;

**(B)** every State and foreign state by which the insurer has been incorporated; and

**(C)** the State or foreign state where the insurer has its principal place of business[.]

Plaintiff seeks to remand this action to state court arguing that it is a direct action, and, therefore, the citizenship of defendant's named insured, McCary, is imputed to defendant, defeating diversity of citizenship. Plaintiff is incorrect.

An insurer must pay benefits to its insured "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." Mich. Comp. Laws § 500.3105. If "reasonable proof" is supplied to support the insured's claim to personal protection benefits, the insurer must pay the benefits within 30 days or risk a 12% per annum penalty. Mich. Comp. Laws § 500.3142. Likewise, if an insurer "unreasonably refused to pay the claim or unreasonably delayed in making proper payment," the insurer is responsible for the insured's attorney's fees. Mich. Comp. Laws § 500.3148. Despite the fact that PIP benefits are payable to the insured, Michigan courts have held that medical providers can pursue claims under §§ 500.3142 and 500.3148 directly against insurers, for the benefit of the insured. *See, e.g.*, *Lakeland Neurocare Ctrs. v. State Farm Mut. Auto. Ins. Co.*, 645 N.W.2d 59 (Mich. Ct. App. 2002); *see also* Mich. Comp. Laws § 500.3112 ("Personal protection insurance benefits are payable to or for the benefit of an injured person . . . . Payment by an insurer in good faith of personal protection insurance benefits, to or for the benefit of a person who it believes is entitled to the benefits, discharges the insurer's liability. . . .").

-3-

A healthcare provider action, like an action brought by the insured, is a first-party action to recover PIP benefits under the no-fault act.  *Wyoming Chiropractic Health Clinic, PC v. Auto-Owners Ins. Co.*, — N.W.2d —, 2014 WL 6909637 (Mich. 2014) ("This Court reasoned that a healthcare provider is entitled to enforce the penalty provision of the no-fault act because a healthcare provider is entitled to payment of the PIP benefits.").  The public policy behind allowing healthcare provider actions is to "expedite[] the payment process to the healthcare provider when payment is in dispute."  *Id.*  It provides "a healthcare provider a remedy when an insured individual does not sue an insurer for unpaid PIP benefits, thus preventing inequitable payment structures and prompting prompt reparation."  *Id.*

In other words, healthcare provider actions simply allow the healthcare provider to stand in the shoes of the insured.  And this court, joining the majority of courts in the district, has held that the direct action provision of § 1332(c)(1) does not apply to disputes solely between an insured and his or her own insurance company.  *Herring v. State Farm Mut. Auto. Ins.* Co., No. 05-73556, 2005 WL 3071902, at *1 (E.D. Mich. Nov. 16, 2005) (collecting cases).  The Sixth Circuit recently confirmed that "[t]he direct action proviso of § 1332(c)(1) does not apply to suits brought by an insured against her own insurer because such a suit is not a 'direct action against the insurer of a policy or contract of liability insurance.'"  *Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908, 910 (6th Cir. 2014).  The result is no different here because plaintiff's cause of action arises solely from McCary's alleged entitlement to PIP benefits.  This action involves a first-party claim brought by plaintiff *for the benefit* of McCary, defendant's named insured.  The direct action provision does not apply to first-party actions seeking PIP benefits.

Plaintiff's reliance on *Ford Motor Co. v. Insurance Co. of North America*, 669 F.2d 421 (6th Cir. 1982), is misplaced.  This court has explained before that the crucial difference in *Ford* is that it involved third-party claims against the non-party tortfeasor's insurer.  *Herring*, 2005 WL 3071902, at *1.  This is a first-party PIP claim by a healthcare provider, which, as explained above, arises solely from defendant's named insured's alleged entitlement to PIP benefits.  Just as if the action were brought by McCary himself to recover the same benefits, the direct action provision of § 1332(c)(1) is inapplicable.

## IV. CONCLUSION

For the reasons stated above, plaintiff's motion to remand is DENIED.[1]

IT IS SO ORDERED.

Dated:  March 31, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 31, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[1] In its reply, plaintiff states that intervening plaintiff, Southeast Michigan Surgical Hospital, LLC, d/b/a Michigan Surgical Hospital, properly filed an intervening complaint against defendant on December 8, 2014, before the action was removed to this court. Defendant did not include Michigan Surgical Hospital in the notice of removal. Plaintiff, however, provides little information on Michigan Surgical Hospital.  Plaintiff does not argue that, had defendant properly included Michigan Surgical Hospital in the notice of removal, diversity jurisdiction would be defeated.  Indeed, neither party has attached as an exhibit the intervening plaintiff's complaint.

-5-