UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE, PLLC,

        Plaintiff,

and

SOUTHEAST MICHIGAN SURGICAL
HOSPITAL, LLC, *d/b/a* MICHIGAN
SURGICAL HOSPITAL,

        Intervening Plaintiff,

v.

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, a foreign
corporation,

        Defendant.

_____/

CASE NO. 14-CV-14729
HONORABLE GEORGE CARAM STEEH

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (DOC. #25)

This is a first-party no-fault action brought by healthcare providers to recover personal injury protection benefits for services rendered to Otis McCary ("McCary") after he suffered in a motor vehicle accident. Now before the court is defendant's motion for partial summary judgment of the intervening plaintiff's complaint (Doc. #25).

The intervening complaint seeks a sum certain of $437,915.65 as payment for medical treatment provided to McCary between June 19, 2014 and July 1, 2014. On October 6, 2015, Jeffrey Poulsen ("Poulsen"), the chief financial officer of the intervening plaintiff, was deposed. At his deposition, Poulsen identified multiple errors in the intervening plaintiff's billing records that resulted in double billing and duplicative charges

-1-

for identical services. In total, Poulsen testified that $103,775.00 was wrongfully billed. Defendant subsequently calculated the wrongful billings at $102,025.00, slightly lower than Poulsen testified to at his deposition.

Defendant seeks partial summary judgment limiting the intervening plaintiff's permitted claim to $335,890.65. Defendant calculates this amount by subtracting the amount of duplicate billings Poulsen testified about from the total amount sought in the intervening complaint.

After his deposition was taken, Poulsen again reviewed the billing statements. He determined that, rather than a reduction of $102,025.00, the billings should be reduced by only $73,270.00. In an email to intervening plaintiff's counsel, Poulsen explained that the correct billings total $364,645.84. Poulsen informed intervening plaintiff's counsel that, at the time of his deposition, he did not realize that one of the surgeries resulted in two trips to the operating room during McCary's admission to the hospital. As such, the billings for that surgery were not duplicate billings.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

Here, intervening plaintiff is not disputing that the billings should be reduced, at a minimum, to a maximum recovery of $364,645.84. Thus, defendant's motion is granted in part insofar as it seeks a reduction of the amount sought in the intervening complaint to this amount. However, as to the remaining $28,755.19 that defendant contends is a result of double billing, genuine issues of material fact exist precluding summary judgment. Although Poulsen testified at his deposition that this amount reflected double billing, after

review of the billings in more detail, Poulsen explained that his deposition testimony was inaccurate in part. At this juncture, the court is left with conflicting evidence relating to the $28,755.19, and, therefore, summary judgment will be denied in part.

Intervening plaintiff is directed to file an amended complaint reducing the maximum amount of reimbursement sought from $437,915.65 to $364,645.84.

IT IS SO ORDERED.

Dated: February 29, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 29, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk