UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPINE, PLLC,

        Plaintiff,        CASE NO. 14-CV-14729
                                        HONORABLE GEORGE CARAM STEEH

   v.

NATIONWIDE MUTUAL
FIRE INSURANCE COMPANY,
a foreign corporation,

        Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO**
**PERMIT FIRST AMENDED COMPLAINT (DOC. 41)**

Now before the Court is Plaintiff's motion to amend its complaint. (Doc. 41). In its initial complaint, Plaintiff alleged that it had provided medical services to Defendant's insured and that Defendant had failed to pay Plaintiff, in violation of Michigan Compiled Laws §§ 500.3142 and 500.3148. (Compl., Doc. 1-1, ¶¶ 6, 9). Plaintiff alleged that the value of the medical services was $90,754, and Plaintiff attached bills to the complaint supporting this amount. (Compl. ¶ 8 & Ex. A). Plaintiff now claims that it is owed $147,334 and requests leave to amend its complaint to correct the amount of damages alleged and attach as exhibits additional bills that would support this amount. (Doc. 41 at 5). Defendant opposes the motion. (Doc. 42). Defendant points out that trial is currently set for August 1, 2016, and that discovery closed over five months ago. Defendant also claims that it did not previously have notice of these additional bills.

(*See* Aff. of Sarah Salaz, Doc. 42-3, ¶ 2).  Defendant argues that it would be prejudiced if the Court were to allow an amendment, because Defendant has not had an opportunity to depose Plaintiff's witnesses about the new amount and because its expert has already produced a report based on the previously claimed amount.  Pursuant to Local Rule 7.1(f)(2), the Court will decide the instant motion without oral argument, based on the written submissions of the parties.  For the reasons explained below, the Court will grant the motion.

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend a complaint] when justice so requires."  Grounds for denying leave to amend include the moving party's "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."  *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).  Here, the undue-delay and lack-of-notice factors weigh somewhat against granting Plaintiff's motion, but there is no indication that Plaintiff has acted in bad faith.  Furthermore, this is Plaintiff's first motion to amend its complaint.  Most significantly, it does not appear that the requested amendment would prejudice Defendant.  An amendment of the complaint to increase the damages allegation will have no practical effect.  A jury can, after all, award damages in excess of those specifically alleged in the complaint if such an award is supported by the evidence.  *See* Fed. R. Civ. P. 54(c) ("A *default judgment* must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  *Every other final judgment* should grant the relief to which each party is entitled, even if

the party has not demanded that relief in its pleadings." (emphases added)); *see also* 6 Charles Alan Wright *et al.*, Federal Practice and Procedure § 1474 (3d. ed.) ("A Rule 15(a) amendment . . . is appropriate for increasing the amount of damages sought . . . . Technically, these amendments are not necessary . . . ."). Therefore, the Court concludes that Defendant will not be prejudiced by the amendment.[1]

Defendant may well have other more substantive objections to Plaintiff seeking the newly alleged damages at trial. For example, Defendant claims that it did not previously have notice of the amounts now being requested. If Plaintiff failed to submit the recently discovered bills to Defendant, then it appears that Plaintiff would be unable to recover the amounts claimed in those bills. *See* Mich. Comp. Laws § 500.3142 ("Personal protection insurance benefits are overdue if not paid within 30 days *after an insurer receives reasonable proof of the fact and of the amount of loss sustained.*" (emphasis added)). Moreover, if Defendant can demonstrate a discovery violation, then sanctions—possibly including exclusion of evidence—might be in order. *See* Fed. R. Civ. P. 37. The Court makes no findings at this time concerning these issues because they are not properly before the Court and have not been briefed by the parties.

---

[1] Defendant cites several cases in support of its argument that the Court should not allow Plaintiff to amend its complaint. *See United Precision Prods. Co. v. Avco Corp.*, 540 F. App'x 489 (6th Cir. 2013) (unpublished); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001). But those cases all involved situations in which parties moved to add new claims or theories of liability. The instant case is distinguishable because Plaintiff simply requests leave to correct the damages amount, a change which will have no practical effect at trial.

Therefore, IT IS ORDERED that Plaintiff's motion to amend its complaint (Doc. 41) is GRANTED. Plaintiff SHALL file an amended complaint by June 24, 2016.

IT IS SO ORDERED.

Dated: June 8, 2016

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 8, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---